NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISAIAH RASHAD TAYLOR, | No. 14-55943 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-01165-BTM-BLM |
| v. | |
| JEFFREY BEARD, Secretary, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted September 1, 2015
Pasadena, California

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

California state prisoner Isaiah Taylor appeals the denial of his 28 U.S.C.

§ 2254 habeas petition. We review de novo the district court's decision to deny a

petition for a writ of habeas corpus, and we affirm. *Yee v. Duncan*, 463 F.3d 893,

897 (9th Cir. 2006).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Taylor was convicted of kidnapping for robbery and kidnapping during a carjacking. On appeal, Taylor claims that: (1) the state court improperly found that the victim's suggestive identification admitted at trial was reliable; (2) his counsel rendered ineffective assistance by failing to interview three alibi witnesses; and (3) together these errors constituted cumulative error that deprived him of a fair trial.

We reject Taylor's first claim. The state court applied the appropriate clearly established federal law in determining that the identification was reliable, *see Manson v. Brathwaite*, 432 U.S. 98, 106, 114 (1977); *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972), and the court's application of these precedents was not unreasonable, *see* 28 U.S.C. § 2254(d)(1). Even if we were to conclude that the state court's reliability determination was an unreasonable application of federal law, the jury was made aware at trial of the victim's prior failures to identify Taylor. In addition, substantial circumstantial evidence, including DNA evidence, supported Taylor's conviction. Thus, any error was harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Williams v. Stewart*, 441 F.3d 1030, 1039 (9th Cir. 2006) (per curiam) (stating that harmless error analysis applies to due process violations arising from suggestive identifications).

Regarding Taylor's ineffective assistance claim, the state court again applied the appropriate clearly established federal law. *See Strickland v. Washington*, 466

U.S. 668, 687 (1984). The state court concluded that trial counsel's decision not to pursue the three alibi witnesses and to focus instead on other aspects of the state's case was a reasonable tactical decision, and did not constitute deficient performance. Because this was not an unreasonable application of the *Strickland* standard, we reject Taylor's second claim. *See Harrington v. Richter*, 131 S. Ct. 770, 790 (2011).

Finally, we reject Taylor's claim that cumulative error affected the fairness of his trial. Multiple trial errors may violate due process where the cumulative effect of the errors renders the resulting criminal trial fundamentally unfair. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410 U.S. 284, 298, 302–03 (1973)). Taylor has failed to demonstrate any error here; thus, there can be no cumulative error.

Accordingly, the judgment of the district court is **AFFIRMED.**